UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGIL MITCHELL,

    Plaintiff,

                                                                                CASE NO. 2:09-CV-11468
v.                                                        JUDGE ARTHUR J. TARNOW
                                                        MAGISTRATE JUDGE PAUL KOMIVES

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
                                      /

**REPORT AND RECOMMENDATION ON: (1) DEFENDANTS CMS AND
ENGELSGJERD'S MOTION TO DISMISS (docket #34); and (2) DEFENDANTS
CARUSO, ET AL.'S MOTION TO DISMISS (docket #38)**

I.        RECOMMENDATION: The Court should conclude that plaintiff's claims are barred by the statute of limitations. Accordingly, the Court should (1) grant defendants CMS and Engelsgjerd's motion to dismiss (docket #34); (2) grant defendants Caruso, Armstrong, Renico, Rivard, Patrick, Havelka, Davis, Darmody, Dewitt, Norwood, McCabe, Lafler, Conerly, Sweeney, Williams, and Main's motion to dismiss (docket #38); and (3) *sua sponte* dismiss plaintiff's claims against the non-moving defendants.

II.       REPORT:

A.       *Procedural Background*

Plaintiff Virgil Mitchell is a state prisoner who, at the times relevant to this action, was incarcerated at the St. Louis Correctional Facility. On April 20, 2009, plaintiff commenced this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's complaint names 33 defendants: the Michigan Department of Corrections (MDOC); MDOC Director Patricia

1

Caruso; Grievance Administrator Jim Armstrong; the St. Louis Correctional Facility; Wardens Paul Renico and Blaine Lafler; Deputy Warden N. Norwood; Assistant Deputy Wardens Vicky McCabe, S. Rivard, and Percy Conerly; Internal Affairs Inspectors B. Sigafoose and B. Pattrick; Sergeants Drake, Haines, Davis, and Williams; Correctional Offices Darmody, Billinger, DeWitt, and Main; Resident Unit Managers George and Havalka; Assistant Resident Unit Supervisors V. Sweeny and R. Lindsey; Correctional Medical Services (CMS); Drs. Engelsgjerd and Snow; Health Unit Monitors S. Teed and Michelle Whitney; Nurse Supervisors J. Saladin and Beth Davis; and Nurses Davis, Jane Beshore, Lawrencel, and N. Souder.[1]

Plaintiff's complaint alleges that on October 11, 2004, defendant Darmody repeatedly slammed his cell door on him. *See* Compl., ¶ 3. Plaintiff alleges that various defendants failed to appropriately respond to his medical needs arising from this incident. *See id.*, ¶¶ 4-6. Plaintiff also alleges that various other defendants failed to appropriately respond to his grievances and complaints arising from this incident. *See id.*, ¶¶ 8-13. Plaintiff further alleges that on November 31, 2004, he fell off the ladder to his bunk, and that various defendants failed to appropriately respond to his medical needs arising from this incident. *See id.*, ¶ 16. Plaintiff also alleges that on August 12, 2005, defendant Darmody again closed a cell door on plaintiff, and again various defendants failed to appropriately respond to his medical needs and grievances. *See id.*, ¶¶ 17-22. Plaintiff alleges that defendants' acts and omissions constituted deliberate indifference to his medical needs in violation of the Eighth Amendment.

This matter is currently before the Court on two motions filed by defendants. First, on

---

[1] On June 16, 2009, the Court entered an Order dismissing defendants MDOC and St. Louis Correctional Facility.

August 18, 2009, defendants CMS and Engelsgjerd (collectively "the CMS defendants") filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). The CMS defendants argue that plaintiff's claims are barred by the statute of limitations. Plaintiff filed a response on September 10, 2009, and the CMS defendants filed a reply on September 22, 2009. Second, defendants Caruso, Armstrong, Renico, Rivard, Patrick, Havelka, Davis, Darmody, Dewitt, Norwood, McCabe, Lafler, Conerly, Sweeney, Williams, and Main (collectively "the MDOC defendants") filed a motion to dismiss and/or for summary judgment. The MDOC defendants argue that: (1) plaintiff's claims are barred by the statute of limitations; (2) plaintiff's claims against defendants McCabe, Caruso, Armstrong, Renico, and Williams are unexhausted; (3) plaintiff's claims against defendants Caruso, Armstrong, Renico, and Williams fail to allege that they were personally involved in the alleged deprivations of his rights; and (4) plaintiff's official capacity claims are barred by the Eleventh Amendment. Plaintiff filed a response to the motion on September 18, 2009.

For the reasons that follow, the Court should conclude that plaintiff's claims are barred by the statute of limitations. Thus, the Court should grant both motions to dismiss.

B.  *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id*. at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See*

*Conley*, 355 U.S. at 47. However, as the Supreme Court has recently explained, bare legal conclusions need not be accepted by the Court, and a pleading must contain sufficient factual allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly*, 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*., at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can

> provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (parallel citations omitted).[2]

A court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). Although the parties have submitted some materials outside the pleadings, I have not considered these matters in addressing the statute of limitations issue. As will become apparent in the discussion below, I have considered plaintiff's filings in other cases filed in this Court. This consideration, however, does not require conversion of defendants' motions to dismiss into summary judgment motions. Pursuant to FED. R. EVID. 201 (court may take judicial notice of any fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."), the Court may take judicial notice of its own records. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (court may take judicial notice of court order for purpose of recognizing "judicial act" which the order represents); *St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it."); *Isaac v. Jones*, 529 F. Supp. 175, 179 n.2 (N.D. Ill. 1981). And a

---

[2] Defendant MMMA has attached exhibits to its motion for summary disposition. These exhibits, however, relate only to its argument that plaintiff's claims are barred by the statute of limitations. As discussed below, defendant MMMA is entitled to dismissal under Rule 12(b)(6) on its alternative argument that plaintiff has failed to allege that it violated his constitutional rights. This determination is based on the complaint itself, and does not require consideration of the evidence submitted by MMMA. Thus, the Court need not treat MMMA's motion as a motion for summary judgment.

court may consider public records and facts susceptible to judicial notice without converting a motion to dismiss into one for summary judgment. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004); *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003); *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). Likewise, the Court may take judicial notice of the administrative records reflecting plaintiff's exhaustion of administrative remedies without converting the motions into ones for summary judgment. *See Bradfield v. Correctional Medical Servs.*, No. 1:07-cv-1016, 2008 WL 5685586, at *4-*5 (W.D. Mich. July 3, 2008) (citing cases); *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006).

C.      *Statutes of Limitations in § 1983 Actions Generally*

For purposes of claims brought under 42 U.S.C. § 1983, state statutes of limitations apply to determine the timeliness of such claims. *See Wilson v. Garcia*, 471 U.S. 268-69 (1985). The same is true of state provisions tolling statutes of limitations. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). As the Supreme Court has directed, the federal courts should apply the single most analogous state personal injury statute of limitations to § 1983 claims. *See Wilson*, 471 U.S. at 276. The Supreme Court has rejected a claim-by-claim approach to limitations periods under § 1983. Rather, the Court has interpreted the borrowing principle enacted by Congress "as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims." *Wilson*, 471 U.S. at 275. And, the Court continued, the most analogous limitations period for § 1983 claims is the state limitations period governing personal injury actions. *See id.* at 278-80. "Thus, federal courts must apply the state statute of limitations for personal injury claims in *all* § 1983 cases." *Southerland v. Hardaway Mgmt. Co., Inc.*, 41 F.3d 250, 253 (6th Cir.

1994) (emphasis added). In Michigan, that period is three years. *See* MICH. COMP. LAWS § 600.5805(10). *See generally*, *Hardin*, 490 U.S. at 540 ("It is undisputed that the limitations period applicable to this case is three years, as established in Michigan's statute governing personal injury actions."). Although statutes of limitations and tolling principles are governed by state law, the question of when civil rights claims accrue remains one of federal law. *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Generally, a civil rights cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *Sevier*, 742 F.2d at 273. "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier*, 742 F.2d at 273.

D.      *Analysis*

Here, plaintiff alleges discrete constitutional harms, the latest of which occurred on August 12, 2005. With respect to each constitutional violation alleged, plaintiff's injury was apparent at the time the alleged acts or omissions occurred. That is, plaintiff knew or should have known of his injuries at the time he was slammed in the cell door and proper medical treatment was withheld. *See Wallace v. Engler*, No. 95-CV-40273-FL, 1997 WL 111777, at *5 (E.D. Mich. Jan. 28, 1997) (Newblatt, J., adopting Report & Recommendation of Komives, M.J.) (citing cases discussing accrual of Eighth Amendment assault and medical care claims, including *Kost v. Kozakiewicz*, 1 F.3d 176, 188 (3d Cir. 1993) and *Brownlow v. Chavez*, 871 F. Supp. 1061, 1064 (S.D. Ind. 1994)). Thus, at the latest plaintiff's claims accrued on August 12, 2005, and the limitations period expired on August 12, 2008. Because plaintiff's complaint was not filed until

April 15, 2009,[3] his complaint is untimely by 245 days.[4]

Plaintiff contends that his claims are timely because he filed three prior suits in this Court that were voluntarily dismissed. Whether these prior suits tolled the statute of limitations is, like all other tolling questions under § 1983, a question resolved by reference to state law. *See Board of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 484-92 (1980); *Jenkins v. Village of Maywood*, 506 F.3d 622, 623-24 (7th Cir. 2007); *Johnson v. University Hosp. of Cleveland*, 46 Fed. Appx. 238, 243-44 (6th Cir. 2002). Under Michigan law, "the statute of limitations is tolled during the time a prior suit is pending between the parties if the prior action is not adjudicated on the merits." *Roberts v. City of Troy*, 170 Mich. App. 567, 581, 429 N.W.2d 206, 213 (1988); *see also*, *Meda v. City of Howell*, 110 Mich. App. 179, 182-83, 312 N.W.2d 202, 203 (1981); MICH. COMP. LAWS § 600.5856. However, this tolling rule applies only to the parties to the prior suit.

---

[3] In *Houston v. Lack*, 487 U.S. 266 (1988), the Court held that a *pro se* prisoner's notice of appeal is deemed filed under Federal Rules of Appellate Procedure 3 and 4 when it is given to prison officials for mailing to the court. *See id.* at 270. The Court based this rule on the unique concerns facing an incarcerated litigant, including the inability to control the delivery of the pleading after it has been given to prison officials, the lack of legal counsel to monitor the process, and the prison officials' incentives to delay a *pro se* party's filings. *See id.* at 270-72. Although *Houston* was decided in the context of a notice of appeal, the mailbox rule has been extended to other prisoner filings, including civil rights complaints. *See Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002); *Aldridge v. Gill*, 24 Fed. Appx. 428, 429 (6th Cir. 2001). Thus, plaintiff's complaint is deemed filed on the date it was given to prison officials for mailing with proper postage affixed.
  "To be entitled to invoke the benefit of the mailbox rule, an inmate must establish timely filing by a declaration in compliance with 28 U.S.C. § 1746 or other notarized statement, disclosing the date of the deposit and the fact that first-class postage has been prepaid." *Kline v. Michigan*, No. 1:06-cv-776, 2007 WL 295020, at *1 (W.D. Mich. Jan. 25, 2007); *see also*, *Price v. Philpot*, 420 F.3d 1158, 1165-66 (10th Cir. 2005). Plaintiff has provided no such declaration. Nevertheless, because it does not affect the conclusion, I assume that plaintiff gave his complaint to prison officials for mailing on April 15, 2009, the date that plaintiff signed and dated his complaint.

[4] Plaintiff's claims deriving from the incidents prior to August 12, 2005, obviously accrued earlier. Because it does not affect the result, I will assume that plaintiff's claims all accrued at the latest possible date.

"Commencement of an action against one party usually does not operate to toll the running of the applicable period of limitation as to other persons not named as defendants in the suit." *Ray v. Taft*, 125 Mich. App. 314, 319, 336 N.W.2d 469, 471 (1983); *see also*, *Taulbee v. Mosley*, 127 Mich. App. 45, 47-48, 338 N.W.2d 547, 548 (1983).

Here, plaintiff filed three previous civil rights suits in this Court that were ultimately voluntarily dismissed by plaintiff. The dates, parties, and time pending of each case are reflected in the following chart:

| Case No. | Defendants | Filed | Dismissed | Days Pending |
| --- | --- | --- | --- | --- |
| 07-11637 | Darmody | 4/11/07 | 8/20/07 | 131 |
| 07-12567 | McCabe | 6/15/07 | 9/7/07 | 84 |
| 08-12579 | Pramstallar, Caruso, Armstrong, Anderson, Khan, Darmody, Teed, McCabe, Saladin, Williams, Renico, Wenze, Engelsgjerd, Lawrencel | 6/17/08 | 7/31/08 | 44 |

These cases, coupled with the rule that a prior case tolls the limitations period only as to those defendants named in the prior suit, lead to the following conclusions:

(1) Defendants Lafler, Norwood, Rivard, Conerly, Patrick, Havelka, Sweeney, Davis, Billinger, Dewitt, Main, and CMS were not named in any of the prior suits. Thus, there is no tolling, and plaintiff's claims against these defendants are untimely by at least 245 days.

(2) Defendant Darmody was named in Case Nos. 07-11637 and 08-12579. Together, these cases account for 175 days of tolling, leaving plaintiff's claims against defendant Darmody untimely by at least 70 days.

(3) Defendant McCabe was named in Case Nos. 07-12576 and 08-12579. Together, these cases account for 128 days of tolling, leaving plaintiff's claims against defendant McCabe untimely by at least 117 days.

(4)     Defendants Caruso, Armstrong, Renico, Williams, and Engelsgjerd were named only in Case No. 08-12579, accounting for 44 days of tolling and leaving plaintiff's claims against these defendants untimely by at least 201 days.

E.     *The Non-Moving Defendants*

Defendants Sigafoose, Patrick, Lindsey, Drake, Haines, Billinger, Pramstallar, Snow, Teed, Whitney, Saladin, Davis, Beshora, Lawrencel, and Souder have not moved to dismiss plaintiff's complaint. Although waivers of service have been returned unexecuted with respect to some of these defendants, it is not clear whether any or all of these defendants have as yet been served with the complaint. Nevertheless, because the limitations analysis applies equally to these defendants, the Court should dismiss plaintiff's claims against them.

Under the *in forma pauperis* statute, a court must "dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Further, "[a] court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related." *Bonny v. Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993); *see also*, *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 743 (9th Cir. 2008). A court dismissing a plaintiff's claims against moving defendants may *sua sponte* dismiss non-moving defendants as well where "it is clear that the same ruling would inevitably apply to each of the defendants." *Rose v. Arkansas Valley Envtl. & Utility Auth.*, 562 F. Supp. 1180, 1189 n.11 (W.D. Mo. 1983).

Here, plaintiffs claims against the non-moving defendants suffer the same limitations problems as the claims against the non-moving defendants. Defendants Pramstallar and Saladin

were named only in Case No. 08-12579, providing for 44 days of tolling and leaving plaintiff's claims against these defendants untimely by at least 201 days. The remaining non-moving defendants were not named in any of the prior actions, leaving plaintiff's claims against them untimely by at least 245 days. Accordingly, the Court should likewise dismiss plaintiff's claims against these defendants.

F.    *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff's claims against all defendants are barred by the statute of limitations. Accordingly, the Court should grant the CMS defendants' motion to dismiss and should grant the MDOC defendants' motion to dismiss. The Court should also *sua sponte* dismiss plaintiff's claims against the remaining, non-moving defendants.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 12/4/09

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on December 4, 2009.
>
> s/Eddrey Butts
> Case Manager