UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VIRGIL MITCHELL | Case No. 09-11468 |
| Plaintiff, | HONORABLE ARTHUR J. TARNOW |
| v. | DISTRICT JUDGE |
| MICHIGAN DEPARTMENT OF CORRECTIONS, | HONORABLE PAUL J. KOMIVES MAGISTRATE JUDGE |
| Defendants. | |
| _____/ | |

**ORDER REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [54], DENYING DEFENDANTS CORRECTIONAL MEDICAL SERVICES, INC., AND MICHAEL ENGELSGJERD'S MOTION TO DISMISS [34], AND GRANTING IN PART AND DENYING IN PART DEFENDANTS CARUSO, ET AL.'S MOTION FOR DISMISSAL AND/OR SUMMARY JUDGMENT BASED ON LACK OF EXHAUSTION, AND/OR FAILURE TO STATE A CLAIM, THE STATUTE OF LIMITATIONS, AND SOVEREIGN IMMUNITY [38]**

Before the Court is the Magistrate Judge's Report and Recommendation [54] of December 4, 2009. The Report and Recommendation recommended that Plaintiff's Complaint [1] against all named defendants be dismissed because it is barred by the statute of limitations. On January 21, 2010, Plaintiff filed an Objection [57]. Defendants Correctional Medical Services, Inc., and Michael Engelsgjerd filed a Response [58] on February 5, 2010. The remaining defendants did not file a response.

**I. STANDARD OF REVIEW**

1

Under 28 U.S.C. § 636(b)(1), a magistrate judge's orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis*, 237 F.3d 598, 603. The "clearly erroneous" standard requires that the Court affirm the Magistrate's decision unless, after reviewing the entirety of the evidence, the Court "is left with the definite and firm conviction that a mistake has been committed." *Sandles v. U.S. Marshal's Service*, 2007 WL 4374077 at *1 (E.D. Mich. 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, 766 (1948)). The test is:

> not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one.

*Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir.1985).

This Court reviews *de novo* any objections to a Magistrate's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

### A. Plaintiff's Objections

Plaintiff objects to the dismissal of his complaint, alleging that it is not time barred. Plaintiff maintains that the statute of limitations was tolled until he exhausted his administrative remedies.

In his Report and Recommendation, the Magistrate Judge concluded that Plaintiff's complaint should be dismissed because the latest constitutional harm that Plaintiff alleged occurred on August 12, 2005 and the complaint was filed on April

20, 2009; thus, Plaintiff failed to comply with the three year statute of limitations for this §1983 claim.

However, under Sixth Circuit case law, Plaintiff's claims are tolled for the time period during which he was exhausting his state remedies. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000) (Sixth Circuit concludes that the language of the Prison Litigation Reform Act, 42 U.S.C. §1997e, "unambiguously requires exhaustion as a mandatory threshold in prison litigation. Prisoners are therefore prevented from bringing suit in federal court for the period of time required to exhaust such administrative remedies as are available. For this reason, the statute of limitations which applied to [Plaintiff's] civil rights action was tolled for the period during which his available state remedies were being exhausted").

Defendants' motion, while raising exhaustion arguments, fails to establish what specific grievance policy was in place at the time Plaintiff filed his grievances and whether Plaintiff fully exhausted his claims. Therefore, this Court is unable to conclude when Plaintiff's claims were exhausted for statute of limitations purposes. Thus, Plaintiff's complaint should not be dismissed at this time on these grounds.

B. Remaining arguments raised in Defendants' motion

Since the magistrate granted Defendants Caruso, et al.'s Motion for Dismissal on statute of limitations grounds, he did not make any recommendations regarding the alternative arguments raised in the motion.[1] Rather than referring the motion back to the magistrate for ruling, this Court, in the interest of judicial efficiency, will address those arguments now.

---

[1] Defendants Correctional Medical Services, Inc., and Michael Engelsgjerd's Motion to Dismiss [34] argued for dismissal solely on statute of limitations grounds.

3

1. Defendant Darmody

Defendant Darmody argues that the complaint, as to the allegations involving him, should be dismissed, as Plaintiff failed to complete the grievance process with respect to the grievance he filed regarding the November 13, 2004 incident. However, the exhibits which Defendants attach to their motion in support of this argument do not establish that Plaintiff failed to exhaust the grievance process as to this incident, nor do they establish what the grievance policy was at the time Plaintiff filed his grievance. Exhibit 2, a copy of a grievance form for the incident, indicates the grievance was given the identifier "SLF0411304717a." Defendants attach as Exhibit 3 a printout list of grievance identifiers that Plaintiff has filed. The aforementioned identifier is not included on the list. Accordingly, Defendant Darmody has not demonstrated at this time that Plaintiff has failed to exhaust his administrative remedies.

2. Defendant McCabe

Defendant McCabe asserts that the rejection of Plaintiff's grievance, identifier SLF-05-01-00142-28e, as duplicative of another grievance Plaintiff filed means that Plaintiff did not properly exhaust his administrative remedies as to the claims against Defendant McCabe.

As noted above, Defendants have not established what specific grievance policy was in place at the time Plaintiff filed his grievances. Additionally, although the Supreme Court has made "clear that a prisoner cannot satisfy the PLRA [Prisoner Litigation Reform Act] exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance," *See Scott v. Ambani, et al.*, 577 F.3d 642, 647 (6th Cir. 2009), *citing Woodford v. Ngo*, 548 U.S. 81, 83 (2006),

Plaintiff may have exhausted his administrative remedies as to the allegations raised in the original grievance regarding Defendant McCabe despite allegedly filing a duplicative grievance. Therefore, Defendant McCabe will not be dismissed on this 12(b)(6) motion.

3. Defendants Caruso, Armstrong, Renico, and Williams

These Defendants allege that Plaintiff failed to submit claims against them through the prison grievance process, entitling Defendants to dismissal on exhaustion grounds.

In *Jones v. Bock*, 549 U.S. 199, 219 (2007), the Supreme Court found that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." Rather, "compliance with prison grievance procedures... is all that is required by the PLRA to 'properly exhaust.'" *Id.* at 218. As noted above, Defendants have not established in their motion what specific grievance policy was in effect at the time that Plaintiff filed his grievances and whether that policy required Plaintiff to specifically identify certain individuals in order to exhaust his claims against them before filing a complaint.

Defendants also assert that they cannot be held liable under §1983 since Plaintiff does not allege that they were personally involved in depriving him of any constitutional right. Defendants maintain that supervisory liability cannot be based upon a failure to act.

The Sixth Circuit has found that:

> a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encourage the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the

5

unconstitutional conduct of the offending officers.

*See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citation and internal quotation marks omitted).

Here, Plaintiff's complaint sufficiently pleads his claims as to Defendants Caruso, Armstrong, Renico, and Williams to withstand the instant 12(b)(6) motion. Regarding Defendant Caruso, the complaint alleges, inter alia, that through Plaintiff's correspondence to her, Caruso knew or should have known of the malicious acts of the subordinate officers and failed to respond. *See* Complaint at ¶ 8-9. Regarding Defendants Armstrong and Williams, Plaintiff's complaint alleges that they "ignored and condoned" the conduct of Defendant Darmody. *See* Complaint at ¶ 7. Plaintiff pleads that both defendants responded to at least one of Plaintiff's grievances, but did not "conduct an investigation and correct" the harm that occurred. *Id.* at ¶ 8. Finally, Plaintiff alleges that Defendant Renico failed to "conduct a thorough investigation" after being put on notice about the constitutional violation that allegedly occurred.

For purposes of this 12(b)(6) motion, Plaintiff's complaint sufficiently pleads under *Sheehee* that the named officials knowingly acquiesced in the conduct of the officers.

### 4. Plaintiff's official capacity claims

Defendants argument in their motion that any claims brought against them in their official capacities are barred under the Eleventh Amendment is correct. *See Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71 (1989). Thus, Defendants' motion is granted as to this issue. However, Plaintiff may proceed against Defendants in their individual capacities.

5. <u>Mootness</u>

Defendants argue that Plaintiff's claims for relief are moot since Plaintiff was ultimately transferred to a different facility. However, simply because Plaintiff no longer is located at the facility that the alleged constitutional deprivations took place does not mean that this matter should be dismissed. Plaintiff is not barred from attempting to establish the constitutional deprivations alleged.

### III. <u>CONCLUSION</u>

The Court has reviewed the record and the parties' pleadings in this case, and being fully advised in the premises,

**IT IS ORDERED** that the Report and Recommendation [54] of the Magistrate Judge is hereby **REJECTED**;

**IT IS FURTHER ORDERED** that Defendants Correctional Medical Services, Inc., and Michael Engelsgjerd's Motion to Dismiss is [34] is **DENIED;**

**IT IS FURTHER ORDERED** that Defendants Caruso, et al.'s Motion for Dismissal and/or Summary Judgment Based On Lack of Exhaustion, and/or Failure to State a Claim, the Statute of Limitations, and Sovereign Immunity [38] is **GRANTED IN PART AND DENIED IN PART.**

**SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record and Virgil Mitchell #349178, G. Robert Cotton Correctional Facility, 3500 N.Elm Road, Jackson, MI 49201 on March 15, 2010, by electronic and/or ordinary mail.

S/LISA M. WARE
Case Manager