UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VIRGIL MITCHELL,

       Plaintiff,

  v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.
                             /

CASE NO. 2:09-CV-11468
JUDGE ARTHUR J. TARNOW
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON DEFENDANT BELLINGER'S MOTION TO DISMISS (docket #52)**

I.    RECOMMENDATION: The Court should deny defendant Bellinger's motion to dismiss.

II.    REPORT:

A.    *Procedural Background*

Plaintiff Virgil Mitchell is a state prisoner who, at the times relevant to this action, was incarcerated at the St. Louis Correctional Facility. On April 20, 2009, plaintiff commenced this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's complaint names 33 defendants: the Michigan Department of Corrections (MDOC); MDOC Director Patricia Caruso; Grievance Administrator Jim Armstrong; the St. Louis Correctional Facility; Wardens Paul Renico and Blaine Lafler; Deputy Warden N. Norwood; Assistant Deputy Wardens Vicky McCabe, S. Rivard, and Percy Conerly; Internal Affairs Inspectors B. Sigafoose and B. Pattrick; Sergeants Drake, Haines, Davis, and Williams; Correctional Offices Darmody, Billinger, DeWitt, and Main; Resident Unit Managers George and Havalka; Assistant Resident Unit Supervisors V. Sweeny and

1

R. Lindsey; Correctional Medical Services (CMS); Drs. Engelsgjerd and Snow; Health Unit Monitors S. Teed and Michelle Whitney; Nurse Supervisors J. Saladin and Beth Davis; and Nurses Davis, Jane Beshore, Lawrencel, and N. Souder.[1]

Plaintiff's complaint alleges that on October 11, 2004, defendant Darmody repeatedly slammed his cell door on him. *See* Compl., ¶ 3. Plaintiff alleges that various defendants failed to appropriately respond to his medical needs arising from this incident. *See id.*, ¶¶ 4-6. Plaintiff also alleges that various other defendants failed to appropriately respond to his grievances and complaints arising from this incident. *See id.*, ¶¶ 8-13. Plaintiff further alleges that on November 31, 2004, he fell off the ladder to his bunk, and that various defendants failed to appropriately respond to his medical needs arising from this incident. *See id.*, ¶ 16. Plaintiff also alleges that on August 12, 2005, defendant Darmody again closed a cell door on plaintiff, and again various defendants failed to appropriately respond to his medical needs and grievances. *See id.*, ¶¶ 17-22. Plaintiff alleges that defendants' acts and omissions constituted deliberate indifference to his medical needs in violation of the Eighth Amendment.

In a previous Report, I recommended that the Court dismiss plaintiff's claims on the ground that they are barred by the statute of limitations. The Court rejected this recommendation. Subsequently, I conditionally granted plaintiff's request for appointment of counsel, and on June 17, 2010, counsel for plaintiff filed his appearance.

The matter is currently before the Court on defendant Chad Bellinger's motion to dismiss, filed on December 3, 2009, prior to both the Court's ruling on the limitations issue and the

---

[1]On June 16, 2009, the Court entered an Order dismissing defendants MDOC and St. Louis Correctional Facility.

appearance of counsel on plaintiff's behalf. Defendant Bellinger argues that he is entitled to dismissal because (1) the complaint fails to set forth any allegations against him; and (2) plaintiff's claims are barred by the statute of limitations.[2] On May 5, 2010, again prior to the appearance of counsel, plaintiff filed a *pro se* response to the motion. Although I granted additional time for plaintiff to file a further response through counsel, at the scheduling conference conducted on July 28, 2010, counsel for both parties indicated that no further briefs were required and that the motion was ready for disposition.

B.  *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id.* at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47. However, as the Supreme Court has recently explained, bare legal conclusions need not be accepted by the Court, and a pleading must contain sufficient factual allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a

---

[2]Defendant Bellinger's motion is titled as a "Motion for Summary Judgment Based on Failure to State a Claim." Despite this title, it is clear that defendant Bellinger seeks only "dismissal for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively, pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction." Mot., at 1; *see also*, Br. in Supp. of Mot., at 2, 4. Thus, notwithstanding the title of the motion I do not construe it as raising an argument that defendant Bellinger is entitled to summary judgment under FED. R. CIV. P. 56.

"short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly* , 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*., at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (parallel citations omitted).

C.   *Analysis*

4

1. *Statute of Limitations*

As an alternative basis for dismissal, defendant Bellinger argues that plaintiff's claims are barred by the statute of limitations. Defendant Bellinger's motion, which was filed before the Court ruled on the other defendants' limitations argument, makes the same arguments that were rejected by the Court with respect to the other defendants. Because the Court has concluded that those arguments do not demonstrate defendants' entitlement to dismissal on statute of limitations grounds, Defendant Bellinger's identical argument likewise provides no basis for dismissal.

2. *Failure to State a Claim*

Defendant Bellinger argues that he is entitled to dismissal because plaintiff's complaint "sets forth no . . . averments against Defendant Bellinger." Br. in Supp. of Mot., at 4. Defendant Bellinger concedes that "[p]laintiff identifies a 'Correctional Officer Billinger' at ¶ 17 of the Complaint," but notes that the complaint "identifies the person as being 'responsible for the supervision and safety of inmates assigned to his housing unit.'" *Id*. (quoting Compl., Parties ¶ 17). Defendant Bellinger asserts that he "was apparently served in error, as he was a yard officer at all relevant times and has never been a correctional officer at [St. Louis Correctional Facility]." *Id*. Further, defendant Bellinger argues, even apart from this error in identity "the plaintiff's complaint contains no allegations against 'Correctional Officer Billinger.'" *Id*.

Taking the latter argument first, plaintiff's complaint plainly sets forth allegations again "Correctional Officer Billinger." Specifically, in his complaint plaintiff alleges:

> On approximately October 25, 2004, Plaintiff Mitchell was confronted by RUO Billinger while Plaintiff was housed in cell 1-237T. C/O Billinger stated that a cell move had been ordered and authorized by ADW McCabe and for Plaintiff to have his personal property and himself moved to 1-210 by count time, which was noon count. RUO Billinger then stated that Plaintiff had 15 minutes to do so. Plaintiff appealed to RUO Billinger about Plaintiff's inability physically to pack

5

> up and carry his property to the other wing of the unit approximately 300 feet away. RUO Billinger stated, "Well if you think that is going to be a task, you will be on the top bunk, I guess writing grievances aren't such a good idea, "huh." At that time the Plaintiff could see ADW McCabe standing in the unit control booth, and asked RUO for permission to speak to ADW/McCabe. Officer Billinger laughed and said, "Go ahead." . . . .

Compl., Statement of Facts, ¶ 14. This allegation states a claim against Officer Billinger specifically.

Defendant Bellinger also argues that he was served in error because the complaint alleges that "Correctional Officer Billinger" was "responsible for the supervision and safety of inmates assigned to the housing unit," Compl., Parties, ¶ 17, but he was "a yard officer at all relevant times and has never been a correctional officer at SLF." Br. in Supp. of Mot., at 4. Notably, the Marshal served a Request for Waiver of Service of Summons addressed to "Correctional Officer Billinger" at the St. Louis Correctional Facility. The waiver of service was executed by defendant Chad Bellinger. Thus, it was defendant Bellinger himself, or some other prison official, who directed the complaint to defendant Bellinger. In any event, the complaint alleges that "Billinger" was a correctional officer and that he was involved in the events alleged in the complaint. It may be that defendant Bellinger would be entitled to summary judgment on the basis that he had no involvement and was merely a yard supervisor after the filing of a properly supported motion for summary judgment. A statement by counsel in a brief in support of a motion to dismiss, however, is not sufficient to establish that defendant Bellinger was not a correctional officer or had no involvement in the alleged constitutional violations. Accordingly, the Court should conclude that defendant Bellinger is not entitled to dismissal under Rule 12(b)(6).

D.  *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff's complaint states a claim

for relief against defendant "Correctional Officer Billinger." Because defendant Chad Bellinger accepted waiver of service, the complaint states a claim against him. Accordingly, the Court should deny defendant Bellinger's motion to dismiss.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: 8/3/10

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on August 3, 2010.
>
> s/Eddrey Butts
> Case Manager