UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGIL MITCHELL,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS,
ET AL.,

        Defendants.
_____/

Case No. 09-11468

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE DAVID R. GRAND

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [121] AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [92]

Before the Court is Defendants' Motion for Summary Judgment [92], filed on November 8, 2010. On January 24, 2012, Magistrate Judge Grand issued a Report and Recommendation ("R&R") [121] recommending that Defendants' motion be GRANTED IN PART and DENIED IN PART. Defendants filed objections [123] on February 2, 2012. Defendants object only to the portion of the R&R recommending denial of summary judgment as to Defendant Darmody.

**Factual Background**

The R&R provides a detailed description of the facts in this case. The Court adopts the facts as set out in the R&R. The facts discussed below are those pertinent to Defendants' objection.

Plaintiff Virgil Mitchell alleges that on October 11, 2004, Defendant Darmody, a corrections officer, repeatedly slammed a cell door on Plaintiff's back, causing Plaintiff serious injuries. Plaintiff alleges that his injuries included a spinal disc bulge and/or rupture, loss of muscle strength in his arms and legs, numbness, and pain when walking or lying flat. The same day that this incident allegedly occurred, Plaintiff filed a "Step I" grievance ("the First Grievance") with the Michigan Department of Corrections ("MDOC") related to Darmody's alleged infliction of personal injury. Plaintiff's Step

I grievance was denied on October 22, 2004. Plaintiff appealed the denial by filing a "Step II" grievance. The Step II grievance was denied on November 15, 2004. Plaintiff appealed a third time, filing a "Step III" grievance, which was denied on April 1, 2005.

On October 28, 2004, Plaintiff filed a second Step I grievance ("the Second Grievance") related to the alleged failure to provide adequate medical care for Plaintiff's injuries resulting from Darmody's alleged actions. While the Second Grievance mentioned Darmody's name, it did so only in the context of alleging inadequate medical care by a nurse. The Step I grievance was denied on December 6, 2004. Plaintiff filed a Step II grievance which was denied on January 28, 2005. Plaintiff's Step III grievance was received by MDOC on December 21, 2006,[1] and was denied on August 21, 2007.

**Standard of Review**

This Court reviews objections to a Magistrate Judge's Report and Recommendation on a dispositive motion *de novo.  See* 28 U.S.C. §636(b)(1)©. Making some objections to a Report and Recommendation, but failing to raise others, will not preserve all objections a party may have to the report and recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006). Objections must be specific. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

A motion for summary judgment is granted under Fed. R. Civ. P. 56© when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.

---

[1] As noted by the R&R, it is impossible to determine from the record when Plaintiff's Step III grievance was filed and thus whether it was timely under the MDOC grievance policy. However, Defendants have not argued that the grievance was untimely, and responded on the merits to the grievance, thus waiving any claim that the Step III grievance was untimely filed. *See Broder v. Correctional Med. Servs., Inc.*, 2008 WL 7042249 at *2 (E.D. Mich. 2008).

2

Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1987). Facts and inferences must be viewed in the light most favourable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). However, the non-moving party must present "specific facts showing that there is a genuine issue for trial" that demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (internal citations omitted). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

**Analysis**

Defendants advance three objections to the R&R. First, Defendants repeat their argument that the three-year statute of limitations on § 1983 actions began running 120 days after Plaintiff's Second Grievance (SLF 0411-286712e3) was filed (resulting in a statute of limitations period running from approximately February 28, 2005 to February 28, 2008), rather than on the day Plaintiff received a response from MDOC (resulting in a statute of limitations period running from August 21, 2007 to August 21, 2010). Defendants argue that the Court should disregard the actual date Plaintiff received a reply to his grievance because the relevant MDOC policy on grievances states that "[t]he total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing . . . ." Defendants argue that the policy is a "hard deadline, absent an extension." However, such a reading requires the Court to ignore the plain language of the policy that states that Step I through Step III will "generally" be completed within 120 days. The term "generally" indicates a soft

3

deadline that is meant to serve as a benchmark. This also seems to be how the policy is actually applied by the MDOC, given that neither Plaintiff's First Grievance nor Second Grievance were resolved within 120 days.

Furthermore, tolling the statute of limitations 120 days after the Step I grievance is initiated makes little sense. A plaintiff who filed a lawsuit on the 121st day would be met with arguments that he or she had failed to exhaust his or her administrative remedies prior to filing suit. Further, as noted by the Magistrate Judge in the R&R:

> Darmody's argument runs counter to the purpose of the exhaustion policy whose benefits "include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007). See also *Vartinelli v. Pramstaller*, 2010 WL 5330484, at *2 (E.D. Mich. Dec. 21, 2010); *Davis v. Straub*, 2011 WL 2433398, at *7 (E.D. Mich. May 10, 2011) *adopted by* 2011 WL 2415357 (E.D. Mich. June 13, 2011). The grievance system, and the legal system as a whole, benefit when the entire administrative process is allowed to be completed before a prisoner's statutory time period to file a lawsuit begins to run.

Following the reasoning set forth in *Vartinelli*, the Court finds that in this case, MDOC failed to follow its own policy, as written, but then ultimately addressed Plaintiff's grievance on the merits. Plaintiff waited until his Second grievance had been addressed to file suit, thus fulfilling the purposes of the exhaustion requirement - developing the record and giving MDOC an opportunity to address Plaintiff's grievances prior to litigation.

Defendants urge the Court to ignore *Vartinelli* and *Davis, supra*, and to adopt instead *Brandon v. Bergh*, 2009 WL 4646954 (W.D. Mich. Dec. 8, 2009), in which the court found that because the MDOC policy at the time stated that grievances were to be resolved in ninety days, the statute of limitations was tolled when the grievance "should have been resolved," not when the grievance was

actually resolved. The court declines to adopt this reasoning for the reasons stated above. Defendants' first objection is DENIED.

Defendants next object that tolling the statute of limitations at the time the grievance is resolved is "illogical because it would allow the MDOC to unilaterally and indefinitely delay a prisoner from filing a lawsuit by simply not responding to a grievance." The Court agrees that the Prison Litigation Reform Act was not intended to allow the MDOC to indefinitely delay lawsuits. However, that is not the question before the Court. Rather, the question is whether the statute of limitations on a § 1983 action is tolled by a 120-day deadline which MDOC may or may not actually meet, or whether the statute of limitations is tolled on the date that MDOC responds to the grievance on the merits. The Court finds the latter. The Court also notes that a finding that the statute of limitations is tolled by a deadline set by MDOC policy, which MDOC can (and apparently does) fail to follow, would lead to confusion, as potential plaintiffs who wait for a response on the merits to complete administrative exhaustion might find that the statute of limitations has run if MDOC is not timely in responding to the grievance.

Finally, Defendants object that the Magistrate Judge did not offer an explanation why, even if the Second Grievance is within the statute of limitations, "the First Grievance is not beyond the statute of limitations," as a Step III response to the First Grievance was provided on April 1, 2005. The three year statute of limitations on Plaintiff's personal injury claim, as set forth by Mich. Comp. L. § 600.5805 (10), would thus have expired prior to the filing of the instant case. Defendant notes that therefore the "[First] grievance does not fall within the three year statute of limitations." Defendants are correct. Plaintiff's claim of cruel and unusual punishment in violation of § 1983, based upon the allegations of personal injury made in the First Grievance, is barred by the statute of

limitations. The allegations in Plaintiff's Second Grievance concern only claims against Defendant S. Teed, who was voluntarily dismissed by Plaintiff on February 16, 2012. Defendants' objection is therefore well-taken.

**Conclusion**

The Court having reviewed the record in this case, the Opinion and Order of the Magistrate Judge is hereby **ADOPTED IN PART** and is entered as the findings and conclusions of the Court, with the exception of the recommendation of denial of summary judgment as to Defendant Darmody.

Accordingly, **IT IS ORDERED** that Defendants' Motion for Summary Judgment [92] is **GRANTED**.

**SO ORDERED.**

    s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: March 16, 2012

---

**CERTIFICATE OF SERVICE**

I hereby certify on March 16, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 16, 2012: **None.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182